JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
CLAY A. PLUMMER
Nevada Bar No. 6778
Special Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
clay.plummer@usdoj.gov
*Attorneys for the United States*

FILED
U.S. MAGISTRATE JUDGE

DATE: October 3, 2024

TIME: 9:20 AM

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEOLEGARIO TALAMANTES-HERRERA,<br>  aka "Olegario Talamantes-Herrera,"<br>  aka "Joaquin Talamantes-De La Rocha,"<br>  aka "Joaquin De La Rocha,"<br>  aka "Joaquin Talamantes,"<br>  aka "Miguel Urias Herrera,"<br><br>Defendant. | Case No. 2:24-mj-00822-EJY<br><br>**CRIMINAL COMPLAINT**<br>for violation of Deported Alien Found in the United States<br>(8 U.S.C. § 1326(a) and (b)) |

BEFORE the Honorable Elayna J. Youchah, United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being duly sworn, deposes and states:

<u>COUNT ONE</u>
Deported Alien Found in the United States
(8 U.S.C. § 1326(a) and (b))

On or about September 20, 2024, in the State and Federal District of Nevada,

DEOLEGARIO TALAMANTES-HERRERA,
aka "Olegario Talamantes-Herrera,"
aka "Joaquin Talamantes-De La Rocha,"
aka "Joaquin De La Rocha,"

aka "Joaquin Talamantes,"
aka "Miguel Urias Herrera,"

defendant herein, an alien, was found in the United States after having been deported and removed therefrom on or about August 19, 2013, and August 6, 2019, having reentered and remained in the United States, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a) and (b).

## PROBABLE CAUSE

I, Christopher Clark, state the following as and for probable cause.

1. I was employed by the United States Department of Homeland Security ("DHS"), United States Border Patrol ("USBP"), as a Patrol Agent ("PA") from November 2010 to October 2017. Since October 2017, I have been employed by DHS, Immigration and Customs Enforcement ("ICE"), as a Deportation Officer ("DO"). I am currently assigned as a DO to the Las Vegas Office's Enforcement and Removal Operations Criminal Prosecution's Section. In this capacity, I investigate and process various immigration-related offenses, primarily focusing on obtaining federal prosecutions and indictments for violent or dangerous criminal aliens, such as violations of 8 U.S.C. §§ 1325 and 1326.

2. This Affidavit is made in support of a criminal complaint against DEOLEGARIO TALAMANTES-HERRERA, also known as Olegario Talamantes-Herrera, Joaquin Talamantes-De La Rocha, Joaquin De La Rocha, Joaquin Talamantes, and Miguel Urias Herrera, for a violation of 8 U.S.C. § 1326(a) and (b), Deported Alien Found in the United States. The information contained in this Affidavit is based on my own personal investigation and information communicated to me by other law enforcement

officers with personal knowledge of facts relevant to this investigation. The Affidavit is intended only to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter.

3. On September 20, 2024, an ICE deportation officer encountered the Defendant, who had been arrested by state law enforcement, in Clark County, Nevada. Because ICE records indicated that Defendant is a citizen and national of Mexico, by virtue of birth, who was previously removed from the United States and because Defendant was not in possession of valid immigration documents allowing him to be present or remain in the United States, ICE lodged a detainer with the county detention facility where he was in then in custody. Defendant was taken into ICE custody on September 20, 2024, from the Clark County Detention Center.

4. On or about September 30, 2024, I reviewed printouts from the Federal Bureau of Investigation ("FBI") relating to Defendant. Based on my training and experience, I know that the FBI databases contain records of arrests and convictions of individuals, based on an individual's FBI number. I also know that an FBI number is assigned based on unique fingerprint characteristics, and that police departments routinely fingerprint each person who is booked into custody for identification purposes and inclusion into criminal history databases.

5. A query of Defendant's automated criminal history confirmed that he had been convicted of the following felony prior to his most recent removal, which subjects him to the heightened penalty provisions of 8 U.S.C. § 1326(b): on or about March 29, 2018, Defendant was convicted of driving under the influence, in violation of N.R.S. 484C.110, 484C.400, 484C.105, in the Eighth Judicial District Court, Clark County, Nevada, Case No. C-18-328981-1.

6.    On or about September 30, 2024, I obtained the DHS Administrative File ("A-File") for the subject assigned Alien Registration Number 205 576 336, whose name of record is "Deolegario Talamantes-Herrera" (hereinafter, the "Talamantes-Herrera A-File"). Based on my training and experience, I know that a DHS A-File is a file maintained by DHS in which immigration records are maintained for an alien admitted to, or found in, the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS – or its predecessor, the Immigration and Naturalization Service ("INS") – with respect to the subject alien for whom the DHS A-File is maintained. As discussed in more detail below, my review of the Talamantes-Herrera A-File confirmed that this A-File corresponds with Defendant.

7.    The Talamantes-Herrera A-File contained the following documents and information, among other things, regarding Defendant's immigration status:

    a.    A Sworn Statement admitting alienage and removal history dated September 20, 2024.

    b.    Executed Warrants of Removal/Deportation (ICE Forms I-205) indicating that Defendant was officially removed and deported from the United States to Mexico on or about August 19, 2013, and August 6, 2019. I know from my training and experience that a Warrant of Removal/Deportation (ICE Form I-205) is executed each time a subject alien is removed from the United States by ICE (and in the past by its predecessor agency, the INS) and usually contains the subject's photograph, signature, and/or fingerprints. The executed Warrants of Removal/Deportation (ICE Form I-205) referenced above that I found in the Talamantes-Herrera A-File contains Defendant's photograph, signature, and fingerprints.

        c.     A Record of Deportable / Inadmissible Alien (Form I-213) dated September 20, 2024, which states that Defendant is a native and citizen of Mexico.

8. On or about September 30, 2024, I reviewed certain printouts of ICE computer indices contained in the Talamantes-Herrera A-File. Based on my training and experience, I know that ICE computer indices track and document each time an alien has been deported from the United States by ICE (or previously by the INS) or was granted permission to enter or re-enter the United States. The ICE computer indices confirmed that Defendant had been removed and deported on or about the date indicated on the Warrant of Removal/Deportation (ICE Form I-205) found in the Talamantes-Herrera A-File.

9. Based on my review of the Talamantes-Herrera A-File, I determined that it does not contain any record of him ever having received permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation and that, if such documentation existed, it would ordinarily be found in the Talamantes-Herrera A-File.

10. Based on my training, experience, and review of the contents of the Talamantes-Herrera A-File, in particular the Warrant of Removal/Deportation, which indicates that Defendant had been deported to Mexico, I determined that Defendant is an alien – that is, a citizen of Mexico.

///

///

///

///

///

11. Based on the above, I believe there is probable cause that DEOLEGARIO TALAMANTES-HERRERA did violate 8 U.S.C. § 1326(a) and (b) (Deported Alien Found in United States).

_____
Christopher Clark, Deportation Officer
Immigration and Customs Enforcement

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 3rd day of October, 2024.

_____
HON. ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE